IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ANGELA F. BAKER, *Plaintiff,* v. MARION OLIVER, ET. AL., *Defendant.* | CIVIL ACTION NO. 3:06-CV-00015 ORDER AND OPINION JUDGE NORMAN K. MOON |

This matter is before the Court on Defendants' Motion to Dismiss, filed on April 20, 2006. This motion was set for a hearing on June 22, 2006. Having reviewed Defendants' motion and Plaintiff's response, however, the Court determines that no hearing is necessary, and that the issue can be determined on the pleadings. For the reasons stated below, Defendants' motion shall be DENIED.

I

Plaintiff's claim arises out of an auto accident that occurred in Orange, Virginia. According to Plaintiff's complaint, at about 3 AM on May 19, Plaintiff and Defendant Oliver were both driving south on Rt. 522. There was no artificial light on the road, and the night was dark. Oliver stopped his tractor trailer in the southbound lane and backed up into a private drive in order to turn around and proceed northbound. He did not use his turn signals or emergency flashers, and he slowly pulled out into the road despite Plaintiff's oncoming headlights. In

1

addition, his truck, which was black, had no reflective markings or other safety devices on its side. Plaintiff had no warning that Oliver's truck was there, and she was unable to stop before crashing into it. Plaintiff now sues seeking compensatory and punitive damages, and Defendants move to dismiss her punitive damages claim.

II

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint and does not resolve contests concerning the facts, the merits of claims, or the applicability of defenses. *See Randall v. United States,* 30 F.3d 518, 522 (4th Cir. 1994). Such motions "should be granted only in very limited circumstances," *Rogers v. Jefferson-Pilot Life Ins. Co.,* 883 F.2d 324, 325 (4th Cir. 1989), and a complaint will survive as long as it sets out sufficient facts for the court to infer that each element of a cause of action is present. *See Wolman v. Tose,* 467 F.2d 29, 33 (4th Cir. 1972). In considering a Rule 12(b)(6) motion, the complaint is to be construed in the light most favorable to the plaintiff and the court is to assume its factual allegations to be true. *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Martin Marietta v. Int'l Tel. Satellite,* 991 F.2d 94, 97 (4th Cir. 1992). "A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim." *McNair v. Lend Lease Trucks, Inc.,* 95 F.3d 325, 328 (4th Cir. 1996) (*en banc*).

III

Defendants move to dismiss the punitive damages claim, arguing that the facts alleged in the complaint do not fall within the narrow class of circumstances under which Virginia allows punitive damages in auto accident cases. Punitive damages are available in Virginia where there

2

is misconduct or malice, or "such recklessness or negligence as evinces a conscious disregard of the rights of others." *Booth v. Robertson*, 236 Va. 269, 271 (1988) (citing *Baker v. Marcus*, 201 Va. 905, 909 (1960)). Mere violation of a traffic law, without more, does not support a finding of willful and wanton negligence. *Harris v. Harman*, 253 Va. 336, 341 (1997). Although ill will is not a requirement of willful and wanton negligence, it does require actual or constructive consciousness that injury will result from the act done or omitted. *Infant C. v. Boy Scouts of America*, 239 Va. 572, 580-81 (1990). Each case involving willful and wanton negligence must be decided on its own facts, and the court must consider a defendant's entire conduct in determining whether his actions present such question to the jury. *Clohessy v. Weiler*, 250 Va. 249, 253 (1995); *Alfonso v. Robinson*, 257 Va. 540, 545 (1999).

Virginia courts generally allow punitive damages only in limited circumstances and require truly egregious conduct in order to qualify. *See Hack v. Nester*, 241 Va. 499 (1991) (driving while intoxicated with a burned out headlight does not show sufficient egregiousness to allow for punitive damages); *Puent v. Dickens*, 245 Va. 217 (1993) (driving while intoxicated, continuing to drink after the accident, and attempting to flee did not support a punitive damages award). *But see Webb v. Rivers*, 256 Va. 460 (1998) (common law claim for punitive damages allowed where defendant had a high blood alcohol level, was driving 90 m.p.h. on a residential street, and drove through a red light while so intoxicated he did not know where he was); *Booth v. Robertson*, 236 Va. 269, 271 (1988) (punitive damages allowed where defendant was highly intoxicated, drove the wrong way onto Route 81, and continued in the wrong direction despite several near-collisions).

Plaintiff argues that he has stated a claim for punitive damages based on *Alfonso v.*

3

*Robinson*, 257 Va. 540 (1999). In that case, a professional truck driver left his stalled truck in the travel lane of an interstate without setting up warning flares or reflective triangles. The court distinguished that case from other punitive damages cases by noting that the defendant there was a professional driver who had received specialized safety training warning against the very omissions that he made. *Alfonso*, 257 Va. at 546. Here, Plaintiff has similarly pled that Defendant Oliver was a professional truck driver trained in the applicable safety procedures.

Further, all of the cases cited by Defendants were decided after evidence had been admitted. Because this case is before the Court on a motion to dismiss and the liberal rules of notice pleading apply, dismissal would be improper at this point. Plaintiff has pled that Defendant Oliver's conduct was willful, wanton, and careless, has stated facts giving Defendants notice of the conduct complained of, and has made allegations similar to those considered in *Alfonso*. At this point, the Court cannot say that Plaintiff could prove no set of facts that would entitle her to relief. *See McNair*, 95 F.3d at 328. Hence, the issues raised in Defendants' motion may be more appropriately addressed at the summary judgment stage. Plaintiff has pled her punitive damages claim sufficiently under the liberal requirements of notice pleading, and Defendants' motion to dismiss must therefore be DENIED.

It is so ORDERED.

The Clerk of the Court is directed to send a copy of this Order to all parties.

ENTERED: /s/ Samuel Wilson

U.S. District Judge

<u>6-15-2006</u>

Date